**UNITED STATES DISTRICT COURT**
**DISTRICT OF MARYLAND**

CHAMBERS OF
STEPHANIE A. GALLAGHER
UNITED STATES MAGISTRATE JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-7780
Fax (410) 962-1812

June 24, 2015

Anthony Leon Eley
201 Hillside Drive
Baltimore, Maryland 21207

Stacey Irene Cole
Social Security Administration
Altmeyer Building
6401 Security Boulevard, Room 617
Baltimore, Maryland 21235

RE:   *Anthony Leon Eley v. Commissioner, Social Security Administration*;
      Civil No. SAG-14-3353

Dear Mr. Eley and Counsel:

On October 24, 2014, Plaintiff Anthony Leon Eley, who proceeds *pro se*, petitioned this Court to review the Social Security Administration's final decision to deny his claim for Disability Insurance Benefits. (ECF No. 1). I have considered the parties' cross-motions for summary judgment. (ECF Nos. 20, 21). Mr. Eley has not filed a response.[1] I find that no hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2014). This Court must uphold the decision of the agency if it is supported by substantial evidence and if the agency employed proper legal standards. *See* 42 U.S.C. § 405(g); *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). Under that standard, I will deny Mr. Eley's motion, grant the Commissioner's motion, and affirm the Commissioner's judgment pursuant to sentence four of 42 U.S.C. § 405(g). This letter explains my rationale.

Mr. Eley filed a claim for Disability Insurance Benefits on July 8, 2010. (Tr. 153-61). He alleged a disability onset date of January 7, 2010. (Tr. 155). His claim was denied initially and on reconsideration. (Tr. 100-04, 113-15). A hearing was held on May 1, 2013, before an Administrative Law Judge ("ALJ"). (Tr. 31-87). Following the hearing, the ALJ determined that Mr. Eley was not disabled within the meaning of the Social Security Act during the relevant time frame. (Tr. 14-30). The Appeals Council denied Mr. Eley's request for review, (Tr. 1-6), so the ALJ's decision constitutes the final, reviewable decision of the agency.

---

[1] On May 14, 2015, a Rule 12/56 letter was sent to Mr. Eley advising him of his right to file a response to the Commissioner's motion within seventeen (17) days from the date of the letter. (ECF No. 22).

*Anthony Leon Eley v. Commissioner, Social Security Administration*
Civil No. SAG-14-3353
June 24, 2015
Page 2

The ALJ found that Mr. Eley suffered from the severe impairments of bilateral carpal tunnel syndrome, arthritis, asbestosis, and chronic obstructive pulmonary disease. (Tr. 19). Despite these impairments, the ALJ determined that Mr. Eley retained the residual functional capacity ("RFC") to "perform medium work as defined in 20 CFR 404.1567(c) except occasional climbing of ladders, ropes or scaffolds; occasional crawling; occasional handling with his right dominant hand; frequent handling with his left non-dominant hand; occasional exposure to irritants, such as fumes, dust and gases, and chemicals." (Tr. 20). After considering the testimony of a vocational expert ("VE"), the ALJ determined that Mr. Eley could perform jobs existing in significant numbers in the national economy and that, therefore, he was not disabled. (Tr. 24-25).

I have carefully reviewed the ALJ's opinion and the entire record. *See Elam v. Barnhart*, 386 F. Supp. 2d 746, 753 (E.D. Tex. 2005) (mapping an analytical framework for judicial review of a *pro se* action challenging an adverse administrative decision, including: (1) examining whether the Commissioner's decision generally comports with regulations, (2) reviewing the ALJ's critical findings for compliance with the law, and (3) determining from the evidentiary record whether substantial evidence supports the ALJ's findings). For the reasons described below, substantial evidence supports the ALJ's decision.

The ALJ proceeded in accordance with applicable law at all five steps of the sequential evaluation. The ALJ ruled in Mr. Eley's favor at step one and determined that he has not engaged in substantial gainful activity since his alleged onset date. (Tr. 19); *see* 20 C.F.R. § 404.1520(a)(4)(i). At step two, the ALJ then considered the severity of each of the impairments that Mr. Eley claimed prevented him from working. *See* 20 C.F.R. § 404.1520(a)(4)(ii). As noted above, the ALJ concluded that all of Mr. Eley's alleged impairments were severe. (Tr. 19). In his motion for summary judgment, Mr. Eley contends that the ALJ erred by failing to determine that his learning disability was a severe impairment. Pl. Mot. 4. However, Mr. Eley did not claim that he suffered from an intellectual disability at any point before the agency. If Mr. Eley believed that an intellectual disability limited his ability to do basic work activities, he bore the burden of presenting evidence of those limitations to the agency. *Hancock v. Astrue*, 667 F.3d 470, 472 (4th Cir. 2012) (citing *Hunter v. Sullivan*, 993 F.2d 31, 35 (4th Cir. 1992)). Accordingly, I find no basis for remand.

At step three, the ALJ determined that Mr. Eley's impairments did not meet the specific requirements of, or medically equal the criteria of, any listings. (Tr. 19-20). The ALJ considered the specific requirements of Listing 1.04, which pertains to disorders of the spine, Listing 1.08, which pertains to soft tissue injury, Listing 11.01, which pertains to neurological impairments, and Listing 3.02, which pertains to chronic pulmonary insufficiency. *See* 20 C.F.R. Pt. 404, Subpt. P, App. 1, §§ 1.04, 1.08, 3.02, 11.01. The ALJ concluded Listing 1.04 was not satisfied because the record was "void of evidence indicating nerve root compression characterized by neuro-anatomic distribution of pain, spinal arachnoiditis, or lumbar spinal stenosis." (Tr. 20). The ALJ concluded that Mr. Eley's carpal tunnel syndrome did not satisfy Listing 1.08 because Mr. Eley was not under "surgical management" for his carpal tunnel syndrome and "has not lost major function of the upper extremities," as evidenced by the

objective medical testing from November 2010. *Id.* The ALJ noted that Mr. Eley's neurological deficits did not match the descriptions in Listing 11.01, particularly its requirement of sustained disturbance of two or more extremities. *Id.* Finally, the ALJ determined that Mr. Eley's COPD did not satisfy the requirements of Listing 3.02, citing the results of pulmonary function testing from April 2012. *Id.* I have carefully reviewed the record, and I agree that no listings are met.

In considering Mr. Eley's RFC, the ALJ summarized his subjective complaints that he was prevented from working by shortness of breath caused by his COPD, finger numbness due to his carpal tunnel syndrome, and back pain. (Tr. 21). However, the ALJ determined that Mr. Eley's subjective complaints were not entirely credible. In contrast to Mr. Eley's complaints of shortness of breath, the ALJ noted normal pulmonary and cardiovascular examinations which documented "normal effort and breath sounds, no respiratory distress . . . lung volumes within normal limits." (Tr. 22). With respect to Mr. Eley's carpal tunnel syndrome, the ALJ emphasized that despite his complaints of numbness and tingling, his physical examinations "demonstrated normal range of motion of the wrists, bilaterally and no bony tenderness, swelling effusion, crepitus, deformity or laceration." *Id.* The ALJ also noted that there was not a consistent finding throughout the record of positive Tinel's sign for both wrists. *Id.* Next, the ALJ stated that despite Mr. Eley's complaints of back pain, MRIs revealed only "minor arthritic findings" and that, on examination, Mr. Eley "revealed a normal gait." *Id.* In addition to the medical evidence undermining Mr. Eley's statements concerning the severity of his symptoms, the ALJ emphasized that Mr. Eley made inconsistent statements concerning many of his functional abilities. (Tr. 23). The ALJ thus provided a thorough credibility analysis, explaining her reason for discounting each of Mr. Eley's complaints.

Finally, in assessing Mr. Eley's RFC, the ALJ considered all of the opinion evidence in the record, providing substantial evidence in support of the weight she accorded each opinion. The ALJ assigned "great weight" to the opinion of State agency medical consultant Dr. Williams, because he "conducted a thorough review of the claimant's medical record, and his opinion is consistent with the medical record as a whole." (Tr. 23). Likewise, the ALJ assigned "great weight" to the opinion of State agency medical consultant Dr. Honick that Mr. Eley could do work that did not involve "repetitive or strenuous use of the hands." *Id.* In support of her assignments of weight, the ALJ referenced the normal examinations and diagnostic evidence she discussed earlier in the opinion. *Id.* However, the ALJ assigned only "some weight" to the opinion of State agency medical consultant Dr. Cylus, noting that the record supported greater limitations than those opined by Dr. Cylus. The ALJ also discounted the opinion of Mr. Eley's treating physician, Dr. Adu-Sarkodie, that Mr. Eley can perform less than the full range of sedentary work. In support of her assignment of "little to no weight" to Dr. Adu-Sarkodie's opinion, the ALJ properly stated that the opinion was both inconsistent with the medical record as a whole and not supported by any treatment or examination notes from Dr. Adu-Sarkodie. *Id.*; *see* 20 C.F.R. § 404.1527(c)(2)("If we find that a treating source's opinion . . . is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in your case record, we will give it controlling weight."). In his motion for summary judgment, Mr. Eley contends that the ALJ erred in evaluating his back pain, specifically taking issue with the ALJ's assessment of Dr. Adu-Sarkodie's opinion. Mr. Eley

claims that Dr. Adu-Sarkodie's opinion was supported because it referenced x-ray records attached thereto. Pl. Mot. 5. However, there are no x-ray records attached to Dr. Adu-Sarkodie's opinion, and the ALJ determined that the x-rays and other objective evidence in the record did not support the severity of the limitations opined by Dr. Adu-Sarkodie. My review of the ALJ's decision is confined to whether substantial evidence, in the record as it was reviewed by the ALJ, supports the decision and whether correct legal standards were applied. *Richardson v. Perales*, 402 U.S. 389, 390, 404 (1971). Even if there is other evidence that may support Mr. Eley's position, I am not permitted to reweigh the evidence or to substitute my own judgment for that of the ALJ. *Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990). In considering the entire record, I find the ALJ's RFC determination was supported by substantial evidence.

Next, at step four, the ALJ determined that, pursuant to her RFC assessment, Mr. Eley was unable to perform his past relevant work as a welder. (Tr. 24). Accordingly, the ALJ proceeded to step five, where she considered the impact of Mr. Eley's age and level of education on his ability to adjust to new work. (Tr. 24-25). Relying on the Medical-Vocational Guidelines ("Grids"), 20 C.F.R. Part 404, Subpart P, Appendix 2, the ALJ found that pursuant to Grid Rule 203.26, a younger individual with limited or less education, skills not transferrable, and a medium RFC, is not disabled *per se*. (Tr. 25). Since the ALJ's RFC assessment contained additional limitations which impeded Mr. Eley's ability to perform all or substantially all of the requirements of medium work, however, the ALJ asked the VE whether jobs existed in the national economy that were suited to Mr. Eley's particular assessment. (Tr. 80-82).[2] The VE testified that a person with Mr. Eley's RFC would be capable of performing the jobs of machine operator, chaperone, and school bus monitor. *Id.* Based on the VE's testimony, the ALJ concluded that Mr. Eley is capable of successfully adjusting to other work that exists in significant numbers in the national economy. (Tr. 24). I find that the ALJ's determination was supported by substantial evidence.

With his motion, Mr. Eley submitted evidence of intellectual testing performed in June 2013, by Dr. Collins, a licensed psychologist. Pl. Mot. Ex. 1. The evidence included "borderline" and "borderline – low average" scores on tests, a diagnosis of a mild neurocognitive disorder, learning disorders, and developmental coordination disorder, and Dr. Collins's opinions concerning Mr. Eley's functional limitations. Mr. Eley also submitted MRI results from September 2014 and medical records from the University of Maryland Rehabilitation and Orthopaedic Institute from August to September 2014. Pl. Mot. Ex. 2, Ex. 3. Because Mr. Eley

---

[2] Social Security regulations define younger individuals as persons age 18 to 49, and individuals closely approaching advanced age as persons age 50 to 54. 20 C.F.R. § 404.1563. As of Mr. Eley's alleged disability onset date, he was a younger individual, but by the time of the hearing before the ALJ, he was 52 years old, and thus had become an individual closely approaching advanced age. Mr. Eley essentially takes issue with the fact that the ALJ considered whether he was disabled under Grid Rule 203.26, which applies to younger individuals. Pl. Mot. 4. However, Grid Rule 203.19, which applies to individuals closely approaching advanced age with limited or less education, skills not transferrable, and a medium RFC, also directs such an individual is not disabled *per se*. Accordingly, the ALJ's use of Grid Rule 203.26 instead of Grid Rule 203.19 was harmless error. Moreover, in the hypothetical the ALJ posed to the VE, upon which her ultimate determination was based, the ALJ instructed the VE to consider a hypothetical person who was 52 years of age, further rendering any earlier error harmless. (Tr. 80).

submitted additional evidence that was not considered by the Commissioner, I must also consider whether remand is appropriate under sentence six of 42 U.S.C. § 405(g), which provides:

> The court may . . . at any time order additional evidence to be taken before the Commissioner of Social Security, but only upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding.

42 U.S.C. § 405(g).  The subsequent medical treatment notes, however, are not material to the ALJ's decision since they post-dated that decision, and since they do not relate to Mr. Eley's status during the relevant time period.  *See Wilkins v. Sec'y, Dept. of Health & Human Servs.*, 953 F.2d 93, 95-96 (4th Cir. 1991).  Moreover, the records pertaining to Mr. Eley's intellectual disability pertain to a new impairment not considered by the ALJ.  *See Mackabee v. Astrue*, Civil No. 11-1199-CBD, 2012 WL 4470235, at * 10 (D. Md. Sept. 25, 2012) ("Sentence six remands are only appropriate when the new evidence relates to the condition ruled upon by the ALJ, not new conditions.").  Accordingly, the additional records submitted by Mr. Eley would only be relevant to a new application for benefits with an onset date after May 15, 2013, and do not warrant remand.

For the reasons set forth herein, Mr. Eley's motion for summary judgment (ECF No. 20) is DENIED and Defendant's Motion for Summary Judgment (ECF No. 21) is GRANTED.  The Commissioner's judgment is AFFIRMED pursuant to sentence four of 42 U.S.C. § 405(g).  The Clerk is directed to CLOSE this case.

Despite the informal nature of this letter, it should be flagged as an opinion and docketed as an order.

Sincerely yours,

/s/

Stephanie A. Gallagher
United States Magistrate Judge